```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

WILLIAM DEAN ANDERSON,         }
                               }
     Plaintiff,                }
                               }      CIVIL ACTION NO.
v.                             }      2:14-cv-1182-WMA
                               }
UNITED STATES OF AMERICA,      }
                               }
     Defendant.                }
```

## MEMORANDUM OPINION AND ORDER

On November 19, 2015, Twin City Fire Insurance Company ("Twin City") moved for conditional intervention to protect its subrogation interest as the worker's compensation insurance carrier for the employer of plaintiff William Dean Anderson. (Doc. 26). On November 20, 2015, defendant United States of America filed its opposition to the motion. (Doc. 27). The court entered an order allowing plaintiff to respond to the motion by December 4, 2015. (Doc. 28). Plaintiff having not filed any response, the motion is now under submission.

For the reasons given below, the motion will be granted.

**I. Timeliness**

Under Federal Rule of Civil Procedure 24 a party may move to intervene "[o]n timely motion." Fed. R. Civ. Proc. 24(a)-(b). "'Timeliness' is not precisely measurable, and courts should view it flexibly toward both the courts and the litigants in the interests of justice . . . [specifically] considering . . . (1) the

1

length of time during which the proposed intervenor knew or reasonably should have known of its interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if its motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that its motion was timely." *Brown ex rel. O'Neil v. Bush*, 194 F. App'x 879, 882 (11th Cir. 2006) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

While Twin City did not file its motion until after the November 6, 2015 close of discovery (Doc. 19; Doc. 26) and more than a year after the suit was filed (Doc. 1), such timing is not unreasonable given that it seeks to intervene for the limited purpose of protecting its subrogation interest. See *Southern v. Plumb Tools, A Div. of O'Ames Corp.*, 696 F.2d 1321, 1322-3 (11th Cir. 1983). Although the United States opposes Twin City's intervention on timeliness and jurisdictional grounds, it fails to demonstrate any basis for prejudice to the parties. (Doc. 27). The fact that plaintiff does not object to the intervention is an important fact. Being filed before entry of judgment or any distribution, granting the motion to intervene will not prejudice any party nor interfere with the orderly processes of the court,

2

Case 2:14-cv-01182-WMA   Document 36   Filed 12/15/15   Page 3 of 5

whereas "denial of the motion to intervene will harm [movant] by frustrating its efforts to satisfy its subrogation interest." *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970); see *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).  Finally, the United States fails to show any unusual circumstances militating against a determination that the motion is timely. See *Id.* at 1072 (finding a motion to intervene made a few hours after the entry of judgment to be timely and recognizing "the special nature of a motion to intervene for the limited purpose of protecting [a] subrogation interest").  Therefore, in light of all of these factors Twin City's motion is timely.

**II. Jurisdiction**

Under Rule 24(a), a party is entitled to intervene as of right where it either:

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. Proc. 24(a)(1)-(2).  A party may seek permissive intervention where it either:

> (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. Proc. 24(b)(1)(A)-(B).  A court has jurisdiction to support intervention under Rule 24(a) as a matter of right because

it is ancillary to the underlying dispute, however, permissive intervention under Rule 24(b) requires an independent ground of jurisdiction. *Sweeney v. Athens Reg'l Med. Ctr.*, 917 F.2d 1560, 1565 (11th Cir. 1990); see *Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1113 (5th Cir. 1970) ("no independent ground of jurisdiction need be shown to support intervention as a matter of right").

Twin City does not specify whether it seeks intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b).[1] Instead, it simply says that its motion is for conditional intervention limited to protecting its right of subrogation under Alabama law. (Doc. 26). Because there is no basis for permissive intervention under Rule 24(b),[2] this court will evaluate Twin City's motion under Rule 24(a). Twin City's subrogation interest sufficiently relates to the subject of the underlying action, and

---

[1] Twin City states its conditional intervention is "pursuant to Federal Rule of Civil Procedure 26(2)(B)." (Doc. 26 at 1). Rule 26 contains no such subsection and deals with general provisions governing discovery, not intervention.

[2] Twin City fails to state an independent jurisdictional basis for permissive intervention pursuant to Rule 24(b). Twin City does not present a federal question but rather its subrogation interest arises under Alabama law. 28 U.S.C. § 1331. Additionally, Twin City fails to support diversity jurisdiction given that the amount in controversy is $10,583.43 and the citizenship of Twin City is not stated on the face of the complaint. (Doc. 26 at 1, 3). 28 U.S.C. § 1332. Furthermore, supplemental jurisdiction is unavailable for intervention where "exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirement of section 1332." 28 U.S.C. § 1367(b).

disposing of this action may impair or impede Twin City's ability to protect said interest. See *Campbell v. Kovalev*, 2013 WL 3833066, at *1-2 (N.D. Ala. July 23, 2013) ("Alabama Code, § 25-5-11 provides the right to assert a subrogation lien for workers' compensation benefits paid to an employee . . . [and] courts have found that the creation of a subrogation lien is a sufficient interest to satisfy the first requirement of Rule 14(a)"). Further, no party currently in this suit adequately represents the interests of Twin City. Therefore, this court will allow Twin City to intervene as of right under Rule 24(a). See *McDonald*, 430 F.2d at 1071 (finding a motion to intervene cognizable as intervention of right under Rule 24(a) where a movant sought to protect its subrogation interest as a compensation carrier under a Mississippi statute).

Therefore, for the reasons explained above, Twin City's motion for conditional intervention is **GRANTED**. This conditional intervention does not include the right to participate in motions for summary judgment or trial on the merits

DONE this 15th day of December, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE