IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM DEAN ANDERSON, | }
| | }
| Plaintiff, | }
| | }   CIVIL ACTION NO.
| v. | }   2:14-cv-1182-WMA
| | }
| UNITED STATES OF AMERICA, | }
| | }
| Defendant. | }

**MEMORANDUM OPINION**

On June 20, 2014, plaintiff William Dean Anderson ("Anderson") filed this suit under the Federal Tort Claims Act alleging that he was injured when struck by a vehicle operated by Karen Denise Hutchins ("Hutchins"), a United States Postal Service employee and agent of defendant United States of America. (Doc. 1). On December 11, 2015, Anderson filed a motion for partial summary judgment (Doc. 29) and defendant United States of America filed a motion for summary judgment (Doc. 31). On January 5, 2016, consistent with the court's briefing schedule, Anderson and the United States filed their respective responses. On January 8, 2016, the United States filed a reply. Both motions are now under submission.

Summary judgment must be granted if and only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). When disputed, the facts are presented in the light most

1

favorable to the non-moving party. See *Baldwin County, Ala. v. Purcell Corp.*, 971 F.2d 1558, 1563 (11th Cir. 1992). "For factual issues to be considered genuine, they must have a real basis in the record . . . mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted).

While Anderson moves for partial summary judgment on the issues of liability and economic damages (Doc. 29; Doc. 30), the United States' cross-motion for summary judgment raises a contributory negligence defense that any such violation was not the proximate cause of Anderson's injuries. See *Baker v. Helms*, 527 So. 2d 1241, 1244 (Ala. 1988) ("Therefore, without regard to the negligence *vel non* of [the driver], we hold that [the pedestrian's] failure to exercise due care in crossing the road was the proximate cause of his injuries . . . [t]hus, he is guilty of contributory negligence as a matter of law."). For the reasons stated below, the United States' motion for summary judgment will be granted and Anderson's motion will be denied.

**I.   Contributory Negligence**

"Contributory negligence is an affirmative and complete defense to a claim based on negligence." *Norfolk S. Ry. Co. v. Johnson*, 75 So. 3d 624, 639 (Ala. 2011)). The Alabama Supreme Court has already determined that where a plaintiff crosses

traffic by "jaywalking" and is struck, "[t]here is no question as to contributory negligence." *Zaharavich v. Clingerman By & Through Clingerman*, 529 So. 2d 978, 979 (Ala. 1988); see *Allman v. Beam*, 130 So. 2d 194, 196 (Ala. 1961) ("the violation of a statute designed for the protection of a person claiming to have been injured by reason of such violation, is negligence per se, or negligence as a matter of law").  In Alabama, "four elements are required for violation of a statute to constitute negligence per se: (1) The statute must have been enacted to protect a class of persons, of which the plaintiff is a member; (2) the injury must be of the type contemplated by the statute; (3) the defendant must have violated the statute; and (4) the defendant's statutory violation must have proximately caused the injury." *Parker Bldg. Servs. Co. v. Lightsey ex rel. Lightsey*, 925 So. 2d 927, 931 (Ala. 2005) (citing *Fox v. Bartholf*, 374 So. 2d 294, 295 (Ala. 1979)).

Generally, Alabama's Rules of the Road were enacted in part to protect pedestrians like Anderson from roadway injuries. *Bentley v. Lawson*, 191 So. 2d 372, 377 (Ala. 1966) (finding that the Alabama Rules of the Road have in mind the benefit the pedestrian as well as vehicles).  Specifically, Alabama's Rules of the Road for pedestrian crossings plainly state:

> (a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.

3

>    (b) Any pedestrian crossing a roadway at a point where a
>    pedestrian tunnel or overhead pedestrian crossing has been
>    provided shall yield the right-of-way to all vehicles upon
>    the roadway.
>    (c) Between adjacent intersections at which traffic-control
>    signals are in operation **pedestrians shall not cross at any
>    place except in a marked crosswalk.**
>    (d) **No pedestrian shall cross a roadway intersection
>    diagonally unless authorized by official traffic-control
>    devices**; and, when authorized to cross diagonally,
>    pedestrians shall cross only in accordance with the official
>    traffic-control devices pertaining to such crossing
>    movements.

Ala. Code § 32-5A-212 (emphasis added). This provision includes a pedestrian's duty and "responsibility to be particularly vigilant when crossing a roadway at any point other than within a marked crosswalk . . . [and] impose a duty on the pedestrian to yield the right-of-way to all vehicles upon the roadway when the pedestrian is crossing at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection." *Baker v. Helms*, 527 So. 2d 1241, 1244 (Ala. 1988). As a pedestrian crossing the street, Anderson is unmistakably among the class of persons the "jaywalking" statute was designed to protect.

While Anderson quibbles over whether the actions were unlawful and resists the use of the label "jaywalking" (Doc. 33-1 at 20-21), he admits failing to use the pedestrian crosswalk (Doc. 33-1 at 19-22) and in crossing the street at the points he did (Doc. 33-1 at 12-16, 19-22, 83). Specifically, Anderson does not dispute that while there were marked pedestrian crosswalks at

4

adjacent intersections located between 17th Street and 3rd and 4th Avenues North, he crossed 17th Street **between** these adjacent intersections. (Doc. 32 at 3-4; Doc. 33-2 at 1-2; Doc. 38 at 4-5). Therefore, there is no genuine issue as to the material fact that Anderson's crossing 17th Street violated the statute.

If this crossing was unlawful, Anderson argues that the violation was not the proximate cause of his injury because he "was not committing any of these violations **at the time** he was struck . . . [because he] had already crossed 17th Street from the parking lot, and was about to step up onto the curb, at the moment he was struck." (Doc. 38 at 9; Doc. 33-1 at 19-22). Anderson argues that at the time he was struck he "was attempting to step up onto the curb . . . standing in the parking lane, close to the curb, not in the roadway or crossing the street." (Doc. 38 at 4; Doc. 33-1 at 19-22). Anderson's narrow construction of "roadway" to exclude the parking lane and not to be bounded by the curb, is contrary to Alabama law.[1]  For example, parking regulations under Alabama's Rules of the Road considers these parallel parking lanes as part of the roadway and construes "roadway" as that area being bounded by the curb:

> Except when otherwise provided by local ordinance, every vehicle stopped or parked **upon a one-way roadway** shall be so

---

[1] Alabama's Rules of the Road command uniform interpretation. Ala. Code § 32-5A-11 ("This chapter shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of various jurisdictions.").

>stopped or parked **parallel to the curb or edge of the roadway**, in the direction of authorized traffic movement, with its right-hand wheels within 18 inches of the **right-hand curb or edge of the roadway**, or its left-hand wheels within 18 inches of the **left-hand curb or edge of the roadway**.

Ala. Code § 32-5A-138(b) (emphasis added). Accordingly, Alabama's Rule of the Road addressing a pedestrian's right-of-way in a crosswalk specifies that "[n]o pedestrian shall suddenly **leave a curb** or other place of safety and walk or run into the path of a vehicle which is so close as to constitute an immediate hazard." Ala. Code § 32-5A-211(b) (emphasis added). Therefore, because there is no genuine issue as to the material fact that Anderson was struck **in the parking lane** and **before** standing on the curb,[2] thereby in the "roadway", his unlawful crossing of 17th Street constituted contributory negligence per se that proximately caused his injuries.

**II. Subsequent Negligence**

"Contributory negligence, however, is no defense to subsequent negligence." *Zaharavich v. Clingerman By & Through Clingerman*, 529 So. 2d 978, 979 (Ala. 1988). "The elements of

---

[2] While it is clear Anderson was not on the curb when he was struck, Anderson inconsistently states he was "attempting to step up onto the curb" (Doc. 38 at 4), "was about to step up onto the curb" (Doc. 28 at 6, 9), "was standing in the parking lane, close to the curb" (Doc. 38 at 6), and was "[a]bout two feet from the curb" (Doc. 33-1 at 15; Doc. 34-1 at 5); however, on summary judgment the court views these statements in the light most favorable to Anderson.

6

subsequent negligence are: (1) that the plaintiff was in a perilous position, (2) of which the defendant had actual knowledge, (3) that armed with such knowledge the defendant failed to use reasonable and ordinary care in avoiding the accident, (4) that the use of reasonable and ordinary care would have avoided the accident, and (5) that the plaintiff was injured as a result." *Treadway v. Brantley*, 437 So. 2d 93, 97 (Ala. 1983). While "knowledge of the plaintiff's peril in a subsequent negligence case may not be 'imputed' to a defendant[,] the defendant's knowledge may, however, be 'inferred,' if such an inference would be reasonable under the totality of the circumstances." *Zaharavich*, 529 So. 2d at 980. However, "the subsequent negligence doctrine does not apply where the manifestation of the plaintiff's peril and the accident are virtually instantaneous." *Baker v. Grantham*, 585 So. 2d 896, 897 (Ala. 1991) (citing *Eason v. Comfort*, 561 So.2d 1068 (Ala. 1990)).

Although Hutchins first became aware of Anderson's presence when Anderson was "across the street" (Doc. 38 at 5; Doc. 38-3 at 4-5), the evidence in this case is insufficient to allow the fact finder to find that Hutchins had actual knowledge of Anderson's peril of crossing 17th street until immediately before she struck him. While Anderson says in his statement of undisputed facts that "Hutchins has no explanation for failing to see Anderson as

he was crossing 17th Street, before she hit him" (Doc. 38 at 7), "[t]he burden is on plaintiff to show actual knowledge on the part of [the defendant] that [the victim] was in peril." *Scotch Lumber Co. v. Baugh*, 256 So. 2d 869, 877 (Ala. 1972). Anderson fails to provide any basis[3] for finding that when Hutchins saw Anderson "across the street" that she had any reason to think or believe that Anderson would illegally cross the roadway by "jaywalking." (Doc. 40 at 2-3). Indeed, it would stretch the bounds of reasonableness to require a motorist to anticipate that an adult pedestrian on the sidewalk in a zone of safety would suddenly enter the roadway, particularly in an urban area with designated crosswalks. Compare *Pike Taxi Co. v. Patterson*, 63 So. 2d 599, 602 (Ala. 1952) ("[t]he motorist must *exercise due care to anticipate* the presence of others upon the highway and not to injure him after he is aware of his presence . . . [where] [t]he two words *due care* qualify all that was said . . . chargeable with knowledge of what a prudent and vigilant operator

---

[3] Anderson argues in his brief, "[i]t is undisputed that Hutchins was aware of Anderson's presence on the roadway as a pedestrian, **before** the collision" (Doc. 38 at 12), however Anderson's statement of undisputed facts merely states "Hutchins saw Anderson when he was across the street. . . [and] has no explanation for failing to see Anderson as he was crossing 17th Street, before she hit him" (Doc. 38 at 7). Ultimately, these undisputed facts rely on Hutchins' deposition statements that "I did see Mr. Anderson and I think it was somebody else across the street" (Doc. 34-3 at 4), that she "didn't see [Anderson] as he was crossing the street" (Doc. 34-3 at 5), and that she "didn't observe him in the far side parking lane or on any of the three lanes of traffic before . . . impact" (Doc. 34-3 at 7).

would have seen") with *Carr v. Irons*, 259 So. 2d 240, 242 (Ala. 1972) ("[t]he driver of an automobile, and a pedestrian on a public highway or street, each owe to the other the duty to exercise such reasonable care as the attendant circumstances may require"); see also *Rodgers v. Turberville*, 29 So. 3d 224, 227 (Ala. Civ. App. 2009) (finding a separate duty to use ordinary and reasonable caution for the safety of minor pedestrians present on the roadway).

    Instead, the evidence demonstrates Hutchins' manifestation of Anderson's peril and the accident were virtually instantaneous, where Hutchins states "[w]hen I saw [Anderson], he was right in front of my vehicle, and he . . . hit the hood of my truck, and I immediately stopped." (Doc. 34-3 at 4-5).  In *Dees v. Gilley*, the Alabama Supreme Court inferred actual knowledge where the the driver "admitted not only that she was looking in the direction of the boys and that her view was unobstructed but also that she actually saw something **in the road** 200 to 300 feet ahead of her." 339 So. 2d 1000, 1002 (Ala. 1976) (emphasis added).  In this case, there is no evidence Hutchins saw Anderson in the road, only that Hutchins saw Anderson "across the street." In *Zaharavich,* the Alabama Supreme Court inferred actual knowledge where the defendant admitted seeing the victim "[r]unning and dodging traffic." 529 So. 2d at 979. Here, there is no evidence Hutchins saw Anderson running and dodging 17th

Street traffic, only that Hutchins saw Anderson "across the street." In *Eason*, the Supreme Court of Alabama determined that actual knowledge could not be inferred from the totality of the circumstances where a driver saw two pedestrians "cross in front of her car . . . but that she did not see [the victim] at any time prior to impact." 561 So. 2d at 1071. Here, actual knowledge by Hutchins cannot be inferred from the totality of the circumstances where Anderson was "across the street." Finally, in *Baker v. Grantham*, the Supreme Court of Alabama found insufficient evidence to establish actual knowledge where the driver "was only 20 feet from [the victim] when he first became aware of [the victim's] presence in the roadway" even where the driver admitted "prior to the accident he had been looking in the direction in which he was driving and that his view was unobstructed." 585 So. 2d at 897. Therefore, lacking sufficient evidence to establish Hutchins' had actual knowledge, summary judgment is appropriate because there is no triable issue for subsequent negligence.[4]

## CONCLUSION

For the reasons stated above, by separate order the United

---

[4] Defendant alternatively argues that summary judgment is appropriate because Anderson failed to plead subsequent negligence in his complaint, however in Alabama a theory of "subsequent negligence can be the basis of recovery under a count charging simple negligence." *Plenkers v. Chappelle*, 420 So. 2d 41, 43 (Ala. 1982).

States' motion for summary judgment will be granted and Anderson's motion denied.

DONE this 22nd day of January, 2016.

/s/ William M. Acker, Jr.
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE